IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ORLANDO R. HEATH, JR.,

    Plaintiff,

v.                                                                                          Civil Action No. **3:08CV471**

**LIEUTENANT SANDERS,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a former Virginia inmate, brings this 42 U.S.C. § 1983 action. Plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) will be GRANTED. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2). Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. Preliminary Review

The Court must dismiss any action in which the plaintiff is proceeding *in forma pauperis* if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and

constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). The only defendant Plaintiff has named is Lieutenant Sanders. Plaintiff has not specifically identified any constitutional right that Lieutenant Sanders violated. Plaintiff simply alleges that because he previously filed a lawsuit against an officer at the Riverside Regional Jail, he has been "[h]arassed and [d]iscriminated against!" (Compl. at 4.) Plaintiff appears to contend that Lieutenant Sanders retaliated against him by failing to properly process Plaintiff's grievances and complaints. The United States Court of Appeals for the Fourth Circuit has admonished that "[c]laims of retaliation must . . . be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). Plaintiff fails to allege, as he must, "sufficient facts to indicate that the alleged retaliation of which he complains resulted in some adversity to him sufficient to warrant concern about a chilling effect on the exercise of his right to access the courts." *Ballance v. Young*, 130 F. Supp. 2d 762, 770 (W.D. Va. 2000) (*citing ACLU v. Wicomico County*, 999 F.2d 780, 784 (4th Cir. 1993)). Accordingly, Plaintiff's conclusory claim of retaliation is factually and legally frivolous. *See Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996). The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: AUG 2 6 2008
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge